PITTA v. UNITED STATES.

No. 11619.

Circuit Court of Appeals, Ninth Circuit.

Dec. 3, 1947.

602

James B. O'Connor, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and James T. Davis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

Appellant was convicted of a violation of the Jones-Miller Act, § 2, 21 U.S.C.A. § 174. The indictment charged that he and one Bruno fraudulently and knowingly concealed and facilitated the concealment of a quantity of a morphine derivative, namely, one bindle containing a dram of heroin, which had been imported into the United States contrary to law, as the accused well knew.

The evidence for the government was that on a certain evening a federal narcotics agent entered the storeroom at the rear of a saloon and removed from between some beer cases a paper containing the heroin in question. After taking a sample of the contents the agent refolded the paper and returned it to its place of concealment. Later that evening the agents observed appellant and Bruno enter the storeroom. Bruno locked the door and proceeded to remove the paper of heroin from between the beer cases. After opening it and sniffing some of the contents he passed the paper to appellant who took some of the substance and inhaled it. Appellant then refolded the paper and returned it to Bruno, who restored it to its hiding place.

The argument for reversal involves the familiar provision of the Jones-Miller Act to the effect that "whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." Appellant does not question the validity of this provision. His argument is merely that the evidence does not support the view that he had possession of the heroin, hence the statutory presumption did not come into play in his case. Accordingly, he says, there was no showing that he concealed or facilitated the concealment of the narcotic as charged in the indictment.

■ Appellant was shown, certainly, to have had possession of the narcotic for an illegal purpose, namely, for use. We think that possession for use does not differ, in legal effect, from possession for any other illegitimate purpose, such as for sale or distribution. Possession of any sort is sufficient to raise the presumption and to place upon the accused the burden of explaining the possession to the satisfaction of the jury. Ng Choy Fong v. United States, 9 Cir., 245 F. 305, certiorari denied 245 U.S. 669, 38 S.Ct. 190, 62 L.Ed. 539; Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904. The aim of the statute is to stamp out the existence of narcotics in this country except for legitimate medical purposes. Yee Hem v. United States, supra. It follows that the evidentiary consequence flowing from proof of possession was here operative.

[4] We think, moreover, that independently of the presumption arising from unexplained possession there was evidence from which the jury might find that appellant participated in or facilitated the concealment of the narcotic.

An instruction given the jury is assigned as error, but the assignment is of insuffcient merit to justify discussion.

Affirmed.