Juan Jose **MEDRANO**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18305.**

United States Court of Appeals
Ninth Circuit.

March 23, 1963.

Rehearing Denied April 26, 1963.

Welburn Mayock and Morris Lavine, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan and Timothy M. Thornton, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and PENCE, District Judge.

PER CURIAM.

This is an appeal from a refusal of the district court to set aside judgments and sentences in the case of Medrano v. United States, 9 Cir., 1960, 285 F.2d 23, in a proceeding brought below under Section 2255, Title 28, United States Code.

Appellant, charged with five violations of Section 174 of Title 21, United States Code, involving narcotics, and found guilty, urges that there was no proof of "illegal importation," and thus that a jurisdictional fact was lacking that can be raised at any time, even after the finality of the original judgment of conviction. There was no proof there was or had been physical possession of the narcotic in appellant, urges his counsel, and therefore, to infer he had a constructive possession, and based on that inference, to presume an illegal importation, is a presumption resting on an inference, and violative of the rule enunciated in the one case cited by appellant, United States v. Ross, 1875, 92 U.S. 281, 23 L.Ed. 707, to the effect that "a presumption [can-

not] be a substitute for proof of an independent and material fact."

■■ We do not doubt the validity of that rule, nor dispute it. But an independent and material fact may be proved by circumstantial evidence. When so proved, the fact has the same validity and sanctity as a fact proved by direct evidence. We reject the contention that circumstantial evidence can prove a fact, but cannot cause a presumption to arise based on the established fact.

■ "Possession [of narcotics] of any sort is sufficient to raise the presumption and to place upon the accused the burden of explaining the possession to the satisfaction of the jury." Pitta v. United States, 9 Cir. 1947, 164 F.2d 601, 602; Cellino v. United States, 9 Cir. 1960, 276 F.2d 941.

The evidence that Medrano had constructive possession of the narcotic was substantial.[1]

■■ Further, and more important, this same point now raised on this appeal from an adverse § 2255 motion was specifically raised and passed upon on the previous appeal. Grounds which were apparent when appellant took the original appeal cannot be made the basis for a second attack under § 2255. Ingram v. United States, 5 Cir. 1962, 299 F.2d 351; Fiano v. United States, 9 Cir. 1961, 291 F.2d 113, 28 U.S.C. § 2255, note 10. Section 2255 was not passed to give defendants several, or any, additional appeals.

We refer to appellant's opening brief, Point IV, p. 31, et seq. This court on that appeal ruled adversely to appellant's position (285 F.2d 23 at 26), here renewed. We cited and relied upon Cellino v. United States, supra, at 945–946, and we affirmed.

This court denied appellant's petition for rehearing after the affirmance of his original conviction. Certiorari was denied by the Supreme Court of the United States. 366 U.S. 968, 81 S.Ct. 1931, 6 L.Ed.2d 1258. Petition for rehearing there was denied. 368 U.S. 872, 82 S.Ct. 64, 7 L.Ed.2d 73.

■ We know of no new reason, and none is urged, why we should change the previously announced controlling rule of law. Possession need not be proved by "direct, subjective, evidence," as appellant urges.

Affirmed.

---

1. He received the purchase price. He then told the purchaser where to find the cache of heroin. The heroin was found there. He later asked the purchaser how the heroin was that had been previously purchased. A promise of future delivery was made. In a second transaction, the purchase price was again received by Medrano, after a higher price was quoted by him for "good stuff." Medrano then promised delivery by a third person. That third person delivered the heroin to the purchaser.