Fred STEIN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21822.

United States Court of Appeals Ninth Circuit.

March 1, 1968.

Fred Stein, in pro. per.

William Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, Robert M. Talcott, Asst. U. S. Atty., Los Angeles, for appellee.

Before BARNES and MERRILL, Circuit Judges, and BELLONI, District Judge.

BELLONI, District Judge.

This appeal is from an order denying appellant's motion to vacate and set aside his sentence, judgment, and indictment under the provisions of Title 28, U.S.C. § 2255. This court has jurisdiction pursuant to 28 U.S.C. §§ 2253, 2255.

In March, 1958, a six-count indictment charged appellant, Stein, with conspiracy and sale of heroin. After a jury trial, Stein was convicted of five of the six counts and sentenced to the custody of the Attorney General for imprisonment for a period totaling 50 years. Stein appealed the conviction and sentence; this court affirmed. Stein v. United States, 271 F.2d 895 (9 Cir. 1959), cert. denied, 362 U.S. 950, 80 S.Ct. 860, 4 L.Ed.2d 868 (1960). Stein filed an earlier § 2255 motion, which was denied, and we affirmed. Stein v. United States, 313 F.2d 518 (9th Cir. 1962), cert. denied 373 U. S. 918, 83 S.Ct. 1307, 10 L.Ed.2d 417 (1963).

On May 27, 1966, Stein filed the instant § 2255 motion, alleging:

1) that appellant's trial counsel acted in collusion with agents of the United States so as to deprive him of effective assistance of counsel; and

2) that the government knowingly used perjured testimony.

The district court judge denied the motion without a hearing on grounds that "the files and records of the case conclusively show that the * * * petitioner is entitled to no relief." The present appeal arises from this denial of appellant's motion.

## COUNSEL

Issues disposed of on a previous direct appeal are not reviewable in a subsequent petition under § 2255. Marcella v. United States, 344 F.2d 876 (9th Cir. 1965), cert. denied, 382 U.S. 1016, 86 S.Ct. 630, 15 L.Ed.2d 531 (1966); Medrano v. United States, 315 F.2d 361 (9th Cir. 1963), cert. denied, 375 U.S. 854, 84 S.Ct. 114, 11 L.Ed.2d 81 (1963); Fiano v. United States, 291 F.2d 113 (9th Cir. 1961), cert. denied, 368 U.S. 943, 82 S.Ct. 380, 7 L.Ed.2d 340 (1961). The issue of collusion between defendant's counsel and the prosecution was properly decided on direct appeal, Stein v. United States, supra, when this court determined that Stein was not denied the effective assistance of counsel. This contention cannot now be reopened.

## PERJURY

The sole issue at trial was whether Stein conspired with and sold heroin to Clarence and Celeste Winfrey. The Winfreys testified they purchased heroin from Stein, and Quentin Browning corroborated their testimony. In his motion, Stein contends that all three of these witnesses committed perjury and that this perjured testimony was knowingly used by the government. A sentence could be vacated on the grounds of perjured testimony if the moving party showed by a preponderance of the evidence that: (1) the testimony was perjured; and (2) the prosecuting officials

knowingly and intentionally used such testimony to secure a conviction. Marcella v. United States, supra; Black v. United States, 269 F.2d 38 (9th Cir. 1959), cert. denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1960); Holt v. United States, 303 F.2d 791 (8th Cir. 1962).

Stein alleges the Winfreys committed perjury by testifying they purchased heroin from him. This is precisely the question the jury decided against Stein at the trial. Stein claims to have recently acquired "proof" of this perjury, but he makes only this conclusory statement without any indication of what proof he has. A judge cannot bring a prisoner back from the penitentiary for a hearing whenever a conclusory statement is filed. The Winfreys' credibility was argued and decided at trial, there is nothing in the files and records to show that Stein is entitled to relief, and his purely conclusory statement, without any factual support, does not show he is entitled to relief.

Stein alleges Browning's testimony was perjured and that the government used it knowing it was perjured. In his motion, Stein contends Browning perjured himself by:

1) saying he was not addicted to heroin;

2) saying he had not agreed with federal agents to testify in return for their overlooking his narcotics activity, and then later mentioning some agreement; and

3) making "other perjurious statements, too numerous to set forth here."

Stein alleges Browning committed perjury by stating that he was not addicted to heroin; however, Stein fails to state any facts indicating Browning was addicted to heroin or that his addiction was known to the government. To argue that Browning's testimony was inconsistent (Stein's second point), does not indicate either perjury or that the government knowingly used perjured testimony. This testimony was part of the record considered by the district judge prior to ruling that Stein was entitled to

no relief. Stein alleges no facts to support his conclusion that Browning's testimony was perjured. It is well-established that mere conclusory allegations are not sufficient to warrant relief under a § 2255 motion. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Miller v. United States, 339 F.2d 581 (9th Cir. 1964); Heisler v. United States, 321 F.2d 641 (9th Cir. 1963).

Stein's contentions about perjured testimony can yet be raised if, in a new § 2255 motion he can state sufficient facts which, if true, would entitle him to relief. Such statements should be complete enough so the judge can intelligently decide whether, if true, he would be entitled to relief, and, upon that basis, decide whether he is entitled to a hearing. Therefore, the district court's denial of appellant's motion will be affirmed, without prejudice to appellant's right to file a successive § 2255 motion.

Affirmed.