**UNITED STATES of America, Appellee,**

v.

**Mark Edward CURRIE, Appellant.**

**No. 78–1444.**

United States Court of Appeals,
Ninth Circuit.

Jan. 16, 1979.

**994**

Mark Edward Currie, pro. per.

Samuel Coon, Asst. U. S. Atty., Reno, Nev., for appellee.

Before WRIGHT and KILKENNY, Circuit Judges, and GRAY, District Judge.*

KILKENNY, Circuit Judge:

Appellant appeals from an order of the district court denying his 28 U.S.C. § 2255 motion to set aside a judgment of conviction on two counts of knowingly and intentionally distributing cocaine in violation of 21 U.S.C. § 841(a)(1). We affirm.

## ISSUES

I. Did the district court commit plain error by allowing in evidence testimony of similar prior criminal activity of appellant for which he was never convicted?

II. Was appellant denied his constitutional right to the effective assistance of counsel?

## I.

■ This issue, couched in different language, was decided adversely to appellant in his direct appeal from the judgment of conviction. In the memorandum of this court filed March 10, 1975, affirming the conviction, we said:

"Currie's counsel did not object to Agent Shaw's testimony as to what Currie told Shaw about Currie's prior importations of controlled substances from Mexico. In fact, Currie's counsel subjected Shaw to searching cross-examination on the subject. Now, Currie contends that the district court's failure to strike such evidence of other crimes was plain error.

"Such evidence of past criminal conduct, which occurred a year earlier than the transactions involved here, was admissible to prove, *inter alia*, intent, knowledge, or the existence of a continuing plan or scheme of which the instant transactions were a part. [Citing authorities.]"

---

* The Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.

Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding. *Odom v. United States*, 455 F.2d 159, 160 (CA 9 1972); *Stein v. United States*, 390 F.2d 625, 626 (CA 9 1968); *Medrano v. United States*, 315 F.2d 361, 362 (CA 9 1963). The fact that the issue may be stated in different terms is of no significance. *Sanders v. United States*, 373 U.S. 1, 16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). We are bound by the previous decision and decline to again review this contention. Moreover, the ends of justice would not be served by reconsideration of this issue.

## II.

The appellant contends that he was denied his constitutional right to the effective assistance of counsel. The standards by which we are bound were recently articulated in an exhaustive opinion by Chief Judge Browning in *Cooper v. Fitzharris*, 586 F.2d 1325 (CA 9, 1978). There, the *in banc* court held that to demonstrate ineffective assistance of counsel, the defense counsel's "errors or omissions must reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent criminal defense attorney—they must be errors a reasonably competent attorney acting as a diligent, conscientious advocate would not have made . . ." 586 F.2d at 1330. In the same case, the court also held that when a claim of ineffective assistance of counsel rests upon specific acts and omissions of counsel at trial, relief will be granted only if it appears that the defendant was prejudiced by counsel's conduct. 586 F.2d at 1331.

In his § 2255 petition, appellant makes a number of specific charges of incompetence against his attorney, all of which are meritless on the face of the record, such as: (1) "Counsel did not pinpoint his cross-examination." The transcript of testimony in the original trial reveals that counsel for appellant consumed on cross-examination 119 pages of a transcript totaling only 216 pages; (2) he argues that his attorney did not make a motion for judgment of acquittal based on insufficient evidence when a witness could not identify a packet of cocaine. Utter nonsense. Defense counsel did object to the chain of custody and the court reestablished its authenticity. Moreover, the witness did testify that he was searched prior to departing for appellant's residence and met with the F.B.I. agents after departing the residence, at which time he handed over the package to the agents. There is no question but that the chain of custody was unbroken from that point until trial; (3) his attorney did not enter noted items that appellant wanted and instructed him to insert in the brief for appellant to the court of appeals. Manifestly, this had nothing whatsoever to do with the adequacy of counsel at the jury trial; (4) that counsel admitted in his brief in the court of appeals that he was incompetent. Even if there was such an admission, it would not be binding on us. There is nothing in counsel's cross-examination which would indicate incompetency. To the contrary, his questions on direct and cross-examination would indicate that he was, *at least,* an average trial lawyer. The fact that it might have been his first criminal trial is not controlling; (5) that counsel "forgot" to ask the court, on sentencing, to give appellant jail time and assign an A–2 number. The attorney may have had a number of reasons to "forget" such a request. On these facts, any neglect on the part of counsel at this stage does not rise to the level of a constitutional denial of the effective assistance of counsel; and, (6) appellant again raises the issue of counsel's failure to object to testimony of appellant's prior criminal activities in Mexico. We again hold that the evidence was admissible. Appellant's other contentions are groundless.

After a complete analysis of the record, including a review of the transcript of testimony, we find ourselves in complete agreement with the views of the district judge. We quote from his order:

"This Court has therefore reviewed the entire transcript of the trial and has reached the conclusion that the represen-

tation of defendant by his court-appointed counsel was forceful and competent. It is true that the attorney may have adopted some tactics which others would not have followed but such a finding does not support a contention that his representation was constitutionally inadequate. . . . It also should be noted that Petitioner's point that trial counsel had permitted the introduction of evidence of alleged prior narcotics activity was discussed by the Court of Appeals on the direct appeal and the Court held that evidence of such past criminal conduct was admissible to prove intent, knowledge, or the existence of a continued plan or scheme . . ."

Appellant's suggestion that his counsel should have moved for a dismissal under the Speedy Trial Act, 18 U.S.C. § 3162, is groundless. *United States v. Carpenter*, 542 F.2d 1132, 1134 (CA 9 1976). The mandatory dismissal provisions of the Act were not in effect on the date of appellant's conviction. 18 U.S.C. §§ 3163, 3164.

In no way was appellant prejudiced by his attorney's actions.

### CONCLUSION

The judgment of the district court is affirmed.