977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Amilcar A.J. MARCHETTI, Petitioner-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-56038.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided Oct. 2, 1992.
 
 Before FLETCHER, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Amilcar Marchetti appeals the district court's summary denial of his motion to vacate his conviction under 28 U.S.C. § 2255. While we affirm the district court's decision with respect to most of the issues Marchetti raises, we remand for an evidentiary hearing on his claim that his counsel provided ineffective assistance in giving him incorrect advice on the effect of a plea agreement.
 
 FACTS
 
 3
 Together with several other defendants, Marchetti was indicted for participation in a conspiracy to set up a cocaine processing laboratory. After a jury trial, he was convicted of conspiracy to import narcotics (21 U.S.C. § 963), conspiracy to manufacture, possess and distribute narcotics (21 U.S.C. § 846), importation of narcotics (21 U.S.C. §§ 952(a) and 960(a)(1)), manufacture of narcotics (21 U.S.C. § 841(a)(1)) and possession with intent to distribute narcotics (21 U.S.C. § 841(a)(1)). This court affirmed his convictions in an unpublished decision. Marchetti then filed a section 2255 motion. The district court declined to hold an evidentiary hearing on Marchetti's claims, and denied the motion in its entirety. This appeal followed.
 
 STANDARD OF REVIEW
 
 4
 We review the district court's denial of a section 2255 motion de novo. United States v. Bigman, 906 F.2d 392, 394 (9th Cir.1990).
 
 DISCUSSION
 I. Claims of Trial Error
 
 5
 Section 2255 review is limited to allegations of "a lack of jurisdiction or constitutional error." United States v. Addonizio, 442 U.S. 178, 185 (1979). Section 2255 relief is not available for claims already disposed of on direct appeal. United States v. Currie, 589 F.2d 993, 995 (9th Cir.1979). In addition, section 2255 "is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal." United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). To obtain review of issues which could have been raised on direct appeal, the defendant must show cause for his procedural default and "actual prejudice" resulting from the errors. Id.
 
 
 6
 Marchetti contends that his Fourth Amendment rights were violated because several items of evidence admitted against him were obtained illegally and should have been suppressed. Because he had a "full and fair opportunity" to raise these issues at trial and on direct appeal, he cannot raise them here. United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).
 
 
 7
 Marchetti's other constitutional claims would also be procedurally barred unless he could show cause and prejudice. We need not reach the issue of cause because we find that in each instance Marchetti's rights were not violated.
 
 
 8
 Marchetti's conclusory statements that law enforcement officials conspired to convict him by perjuring themselves, bribing witnesses and committing other misdeeds do not entitle him to an evidentiary hearing and are not cause for relief. See Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982).
 
 
 9
 Marchetti contends his rights to due process and equal protection were violated because he received a sentence disproportionate to his codefendants. However, Marchetti's sentence was not longer than that of coconspirator Wayne Stork, and was within the statutory maximum. This claim does not entitle him to relief.
 
 
 10
 Marchetti argues that he was denied a fair trial because the trial judge himself questioned Marchetti about several aspects of his testimony. "A judge's participation justifies a new trial only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 496 U.S. 906 (1989). At trial, Marchetti explained under direct and cross examination that he owned several books on cocaine processing because he was researching a book on the history of illicit drugs. He also explained that the approximately 100,000 ephrin pills found in his home were intended not for use as a cutting agent, but for legal resale through specialized publications. Judge Real briefly questioned Marchetti further about his plans to write a book and to resell the pills. Marchetti's answers added little to what he had already said. While any further discussion of Marchetti's explanations may have made them seem more implausible, Judge Real's few questions did not reveal bias against Marchetti or create "an appearance of advocacy or partiality."[1]
 
 II. Ineffective Assistance Claims
 
 11
 Marchetti asserts that his counsel rendered ineffective assistance in numerous instances. Without holding an evidentiary hearing, the district court rejected all Marchetti's claims. We agree that most of Marchetti's allegations are patently meritless. However, we find that the district court erred in failing to hold an evidentiary hearing on one of Marchetti's claims.
 
 
 12
 To succeed on his ineffective assistance claim, Marchetti must show his counsel's performance fell outside "the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). He must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 13
 Marchetti asserts counsel waived Marchetti's rights to a speedy trial. Counsel merely failed to object to continuances granted at the request of Marchetti's codefendants. Marchetti does not suggest how he was prejudiced by this alleged error.
 
 
 14
 Marchetti contends counsel rendered ineffective assistance in failing to move for severance. Marchetti has made no showing that he would have been entitled to severance, nor has he shown how severance would probably have resulted in a different result. See United States v. Catabran, 836 F.2d 453, 460-61 (9th Cir.1988).
 
 
 15
 Marchetti was charged with two conspiracy counts. He claims counsel erred in failing to challenge the indictment against him as multiplicitous. However, each conspiracy count required proof of different facts, and Marchetti was properly charged with both. United States v. Bendis, 681 F.2d 561, 564-65 (9th Cir.1981), cert. denied, 459 U.S. 973 (1982).
 
 
 16
 Marchetti argues counsel erred in failing to object to the government's use of aliases in the indictment. Marchetti has made no showing of prejudice with respect to this alleged error.
 
 
 17
 Marchetti contends counsel erred in failing to move for a bill of particulars. Because Marchetti cannot show that the indictment was "insufficient to permit the preparation of an adequate defense," this claim fails. United States v. DiCesare, 765 F.2d 890, 897 (9th Cir.), amended, 777 F.2d 543 (9th Cir.1985).
 
 
 18
 Marchetti contends that counsel rendered ineffective assistance in failing to "file a motion alleging the mutual bribery of the government's officials and their civilian witnesses." The absence of factual support for this claim, as evidenced by Marchetti's "conclusory statements" on this appeal, suggests counsel wisely declined to pursue this matter.
 
 
 19
 Marchetti contends counsel was ineffective with respect to the effort to suppress evidence seized in searches of Marchetti's property. However, Marchetti's counsel filed a substantial and detailed suppression motion, and argued it competently. Marchetti complains that counsel should have moved for an evidentiary hearing, amended his motion, carried out further investigation and, in general, more vigorously followed up on Marchetti's allegations that the government agents were engaged in misconduct in their effort to convict him. In view of the government's strong case against Marchetti and absence of specific factual support for his allegations of misconduct, we cannot say that Marchetti was prejudiced by any error by counsel in failing to pursue his allegations.
 
 
 20
 Marchetti claims counsel failed to move to prevent use of his coconspirators' out-of-court statements and in-court testimony against him. Marchetti provides no basis on which the in court testimony could have been prevented, nor has he identified any specific out of court statements admitted against him.
 
 
 21
 Marchetti contends counsel erred in failing to object to Judge Real's questioning, discussed above. Although Judge Real's questions were apparently aimed at showing the defendant did not have an educational background that would allow him to write the kind of book he had in mind (or at least not a very good one), counsel did not render ineffective assistance in failing to challenge the questioning. The questions and answers were essentially harmless in any event.
 
 
 22
 Marchetti argues counsel was ineffective in cross examination of government witnesses who testified about the search of Marchetti's truck. Marchetti fails to show how counsel's performance fell below the Strickland standard, and fails to demonstrate prejudice.
 
 
 23
 Marchetti contends counsel rendered ineffective assistance at sentencing by failing to request the court to make a recommendation against deportation and by failing to argue mitigating facts weighing against a harsh sentence. Because Marchetti was convicted of a drug offense, the court had no power to make a recommendation against deportation. 8 U.S.C. § 1251(b) (amended by Pub.L. 101-649, § 505(a) (1990)). The record reveals that counsel attempted to ensure that the government's sentencing memorandum was correct and that the court consider facts favorable to Marchetti. This performance was not below professional standards.
 
 
 24
 One final claim cannot be resolved on the record before us. According to Marchetti, his original counsel had negotiated a plea agreement. Under the agreement, Marchetti claims, he would have received a seven year sentence. After substitute counsel was appointed, new counsel apparently informed Marchetti that, even once he had pled guilty, the court was not bound to accept the agreement as to the sentence. Marchetti claims that new counsel told him that once he pled guilty he "waived all [his] rights" and had no remedy if the court did not sentence in accord with the agreement. After receiving this advice, Marchetti says, he decided to go to trial. He ultimately received a sentence of 20 years.
 
 
 25
 Whether Marchetti's counsel's advice was correct depends on the type of agreement reached. Under Federal Rule of Criminal Procedure 11(e)(1)(C), the government attorney may "agree that a specific sentence is the appropriate disposition of the case." If the parties reach such a "sentence bargain," "the trial court may accept or reject the agreement, but, absent exceptional circumstances, it may not accept the defendant's guilty plea and impose a sentence greater ... than that agreed upon." United States v. Fernandez, 960 F.2d 771, 773 (9th Cir.1992). If the court rejects the agreement, the defendant receives the opportunity to withdraw his plea. Id. If Marchetti had been offered a Rule 11(e)(1)(C) bargain, then, counsel's advice was incorrect, because, had he accepted, he could have withdrawn his plea if the court rejected the agreement.
 
 
 26
 However, the government attorney may also agree only to "make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court." Fed.R.Crim.P. 11(e)(1)(B). If Marchetti's previous counsel had negotiated only this kind of agreement, substitute counsel's advice was correct. The court was not bound to follow the government's recommendation or Marchetti's request for a particular sentence, and Marchetti could not withdraw his plea if it did not do so. Fed.R.Crim.P. 11(e)(3).
 
 
 27
 The record does not contain a copy of any draft plea agreement, and Marchetti does not state whether the proposed agreement was even reduced to writing. Nor can we be sure what advice was actually given by counsel. Further inquiry into the facts underlying this claim is necessary. Thus, the district court erred in denying this ineffective assistance claim without holding an evidentiary hearing, because "the motion and the files and records of the case" did not "conclusively show that the prisoner [was] entitled to no relief." 28 U.S.C. § 2255. Therefore, although we affirm the district court's denial of Marchetti's motion in all other respects, we remand for an evidentiary hearing on this sole claim.
 
 
 28
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Marchetti also contends that the district court erred in its handling of his section 2255 petition because some of the documents he submitted together with his petition were not filed, and because he did not receive a timely ruling on his motion for recusal of Judge Real. Any error in the handling of Marchetti's petition was harmless, because Marchetti cannot show he was prejudiced. The unfiled documents added nothing to Marchetti's case. The motion to recuse was ultimately denied, and Marchetti has not appealed that denial