51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cordell SMALL, Defendant-Appellant.
 No. 94-30186.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cordell Small, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate or correct his sentence for assault with a dangerous weapon resulting in bodily injury, use of a dangerous weapon in relation to a crime of violence, and being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 1153, 113(c), 924(c)(1), 922(g)(1), 924(a)(2). On direct appeal, we previously affirmed Small's conviction and sentence in an unpublished memorandum disposition. Small now contends that his trial counsel rendered ineffective assistance of counsel. We review de novo both the denial of a Sec. 2255 motion and a determination that the defendant received his Sixth Amendment right to effective assistance of counsel. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm.
 
 
 3
 In reviewing claims of ineffective assistance of counsel, we must determine whether counsel's action fell below the level of professional competence required by Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 Small contends that his trial counsel rendered ineffective assistance by failing to (1) challenge the violation of his wife's spousal privilege not to testify against him and (2) seek a dismissal of the felon in possession of a firearm charged based upon a valid defense.
 
 
 5
 It is undisputed that Small challenged his wife's spousal privilege not to testify and the validity of the felon in possession charge in his direct appeal, and that this Court rejected both arguments. Small attempts to get a second bite at the apple by recasting his arguments in the guise of ineffective assistance of counsel. Issues disposed of on direct appeal, however, are generally not reviewable in a subsequent Sec. 2255 proceeding unless there has been a change in the law or in order to prevent manifest injustice. Polizzi v. United States, 550 F.2d 1133, 1135-36 (9th Cir.1976); see also United States v. Currie, 589 F.2d 993, 995 (9th Cir.1979). Small failed to produce any evidence that either exception is applicable here. Therefore, Small's ineffective assistance of counsel claim based upon these two arguments is not cognizable.
 
 
 6
 Small also argues that he received ineffective assistance counsel because his trial counsel made admissions of Small's guilt to the charged offenses during closing argument. We disagree. The Government presented overwhelming evidence at trial that Small bludgeoned his wife with a rifle barrel. No defense witnesses were presented. During closing argument, trial counsel conceded that Small's conduct constituted domestic abuse, and that a rifle was used a bludgeon. Counsel, however, argued that Small should only be found guilty of the lesser-included offense, assault by beating and wounding, without the two firearm charges. Counsel further argued that the Government's prosecution was overreaching, and that Small's wife did not desire a federal prosecution. Counsel's trial strategy in the closing argument did not persuade the jury: The jury returned a guilty verdict on all three counts.
 
 
 7
 Although ultimately unsuccessful, counsel's strategy to argue for a lesser-included offense was well within the range of sound trial strategy. See Strickland, 466 U.S. at 690. We discern no error in the district court's denial of the Sec. 2255 motion without conducting an evidentiary hearing. See Watts v. United States, 841 F.2d 275, 278 (9th Cir.1988) (per curiam).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Small's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3