61 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose GARCIA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-55095.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Garcia, a federal prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion challenging his jury conviction for distribution of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). Garcia contends that his right to effective assistance of counsel was violated because the federal defender's performance was deficient, and the district court violated his right to due process by not considering this claim. The government argues that Garcia's ineffective assistance of counsel claim was raised on direct appeal and thus the Sec. 2255 motion is successive. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's denial of a Sec. 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir. 1995). "A district court's findings of fact are reviewed for clear error." Id. Issues disposed of on a previous direct appeal are not reviewable in a subsequent Sec. 2255 proceeding. United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979). A defendant claiming ineffective assistance of counsel must demonstrate that counsel's actions were deficient and that defendant was prejudiced by reasons of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 4
 Garcia contends that trial counsel was unprepared to go to trial because, due to a "complete breakdown of the attorney-client relationship" with original counsel, substitute counsel was appointed only eight days before the trial commenced. The government argues that Garcia's Sec. 2255 motion is successive because his ineffective assistance of counsel claim had been fully litigated on direct appeal.[1] The district court denied Garcia's Sec. 2255 motion concluding that Garcia had "fully and fairly litigated some of its his issues on appeal and is barred from attempting to raise them by the instant motion. The remainder of defendant's claims are barred because they were not raised on direct appeal ...."[2]
 
 
 5
 Garcia's direct appeal challenging the district court's denial of his motions to substitute counsel and for continuance argued the same facts underlying his ineffective assistance of counsel claim in the Sec. 2255 motion. Although framed in a different context, both claims asserted that trial counsel was deficient because she was unprepared to go to trial. Moreover, Garcia's inability to show that he was actually prejudiced by trial counsel's deficiencies necessarily defeats any alleged ineffective assistance claim in his Sec. 2255 motion. See Strickland, 466 U.S. at 687-90. Because the issue of actual prejudice resulting from trial counsel's lack of preparation was raised on direct appeal, Garcia is prevented from raising this issue in a subsequent Sec. 2255 motion. See Currie, 589 F.2d at 995.
 
 
 6
 Accordingly, the district court properly denied Garcia's Sec. 2255 motion. See Sanchez, 50 F.3d at 1451-52.[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the government refers to Garcia's Sec. 2255 motion as successive, it argues that the motion is precluded because the ineffective assistance claim was decided previously on direct appeal. Because this is Garcia's first Sec. 2255 motion, the government improperly characterizes the motion as successive. See 28 U.S.C. Sec. 2255
 
 
 [2]
 Garcia raised six claims in his Sec. 2255 motion to the district court. The district court did not specify which claims were barred because they were fully litigated on direct appeal, and which claims were barred because they were not raised on direct appeal. An ineffective assistance of counsel claim, however, is customarily raised in a Sec. 2255 motion. See United States v. Hoslett, 998 F.2d 648, 660 (9th Cir. 1993). Thus, it appears that the district court determined that Garcia's ineffective assistance claim had been "fully and fairly litigated" on direct appeal
 
 
 [3]
 Because the district court properly denied Garcia's Sec. 2255 motion, his claim that he was denied due process also lacks merit