85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent HERMAN, Defendant-Appellant.
 No. 95-15002.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995*.
Memorandum Filed Oct. 20, 1995.
Memorandum Withdrawn Feb. 26, 1996.
Decided Feb. 26, 1996.
The memorandum disposition filed October 20, 1995 is ordered WITHDRAWN.
 
 1
 Before: GOODWIN and HAWKINS, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Vincent Herman, a federal prisoner, appeals the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. On direct appeal we affirmed Herman's conviction for manufacturing more than 100 marijuana plants, a crime that carries a statutory mandatory minimum sentence of five years. 21 U.S.C. § 841(b)(1)(B)(vii). Herman contends that the district court erred by including "dead" marijuana plants in its calculation of the total number of marijuana plants involved. We have jurisdiction, 28 U.S.C. §§ 1291, 2255, and we affirm.
 
 
 4
 The question about when, or whether, uprooted marijuana ceases to be a "plant" for purposes of 21 U.S.C. § 841(b)(1)(B)(vii), was obviously under consideration by the court and counsel at the time Herman signed his written plea agreement, with the advice of counsel, knowing that the likely sentence was the statutory minimum which he received.
 
 
 5
 After he entered his guilty plea, he was sentenced and appealed his sentence, raising the "dead plant" argument. The judgment was affirmed on the ground that he had waived the "dead plant" argument. He now attempts to raise the same "dead plant" argument by stating that his prior counsel was incompetent in not raising the argument in a timely manner in prior proceedings. This competency of counsel argument does not properly place before the district court, or this court, the validity of the argument which we rejected, on waiver grounds, in Herman's direct appeal. See United States v. Herman, No. 91-10573, unpublished memorandum disposition (9th Cir. Aug. 14, 1992) (holding that Herman's guilty plea to manufacturing 100 plants constituted a waiver of his right to challenge the factual determination that he manufactured over 100 marijuana plants).
 
 
 6
 Issues disposed of on the merits in a direct appeal are not reviewable in a subsequent Section 2255 proceeding unless an intervening change in the law or some other special circumstance so warrants, and here there is no suggestion that any does. Polizzi v. United States, 550 F.2d 1133, 1135-36 (9th Cir.1976); see also United States v. Currie, 589 F.2d 993, 995 (9th Cir.1979).
 
 
 7
 Herman's revelation that his original lawyer gave him bad advice (not to argue that uprooted marijuana plants may not be counted) was ineffective assistance of trial counsel--an effort to revive the issue he has waived--creates no reviewable question on this record. The argument that uprooted marijuana plants may, or may not be counted, may still be open to question in this circuit, but we do not reach it. The failure to make an argument on a debatable question of law may be negligent, or even substandard performance by a lawyer, but a waiver of a debatable argument is not categorically a constitutional defect in a guilty plea (deprivation of right to counsel). Strickland v. Washington, 466 U.S. 668 (1983). Post conviction proceedings are not available to reargue legal questions waived in the trial court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3