110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert James MOORE, Defendant-Appellant.
 No. 95-56135.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert James Moore, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Moore pled guilty to conspiracy to distribute cocaine base and distribution of 495.5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2, and filing a false tax return in violation of 26 U.S.C. § 7206(1). We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, see Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 * Guilty Plea
 
 
 4
 Moore contends that his guilty plea was not voluntary because the district court did not comply with Fed.R.Crim.P. 11 and because he received ineffective assistance of counsel at trial and on appeal. We disagree.
 
 
 5
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (applying same standard to appellate representation).
 
 
 6
 On direct appeal, this court rejected Moore's argument that his guilty plea was not knowing and voluntary because the district court violated Fed.R.Crim.P. 11. See United States v. Moore, No. 89-50596 (9th Cir. Mar. 8, 1991) (unpublished memorandum disposition). Accordingly, we will not review this claim. See United States v. Redd, 759 F.2d 699, 700-01 (9th Cir.1985) (per curiam); see also United States v. Currie, 589 F.2d 993, 995 (9th Cir.1979) ("The fact that the issue may be stated in different terms is of no significance.").
 
 
 7
 Next, Moore claims that his counsel misinformed Moore when he told him that he would receive a ten year sentence if he pled guilty and that he would be sentenced based solely on 495.5 grams of crack cocaine Moore sold to a confidential informant. The district court held an evidentiary hearing in which Moore's counsel stated that he never told Moore that he would receive a maximum sentence of ten years or be sentenced solely on the basis of the 495.5 grams. Under these circumstances, the district court's finding that counsel had not misinformed Moore was not clearly erroneous. See United States v. Mett, 65 F.3d 1531, 1534 (9th Cir.1995) (reviewing district court's factual findings for clear error in section 2255 motion), cert. denied, 117 S.Ct. 185 (1996). Next, because this court held on direct appeal that the district court did not violate Rule 11, Moore cannot show that he was prejudiced by counsel's failure to bring the alleged violations to the district court's attention. See Strickland, 466 U.S. at 687; Moore, No. 89-50596.
 
 
 8
 We reject Moore's contention that counsel was ineffective for failing to object to the government's statement that there was no mandatory minimum for the conspiracy charge. At the time Moore committed the crime, 21 U.S.C. § 846 did not contain a mandatory minimum. See 21 U.S.C. § 846 (West 1981). We also reject Moore's contention that counsel on appeal was ineffective for failing to raise alleged Rule 11 violations because it is apparent from the record that counsel did argue that Rule 11 had been violated.
 
 II
 Section 2255 Motion
 
 9
 Moore contends that the district court erred by failing to secure his presence and allow him to call witnesses at the evidentiary hearing and by denying his motion for appointment of counsel. He also contends that his section 2255 counsel was ineffective. We reject these contentions.
 
 
 10
 "Section 2255 itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (quotation omitted). "Section 2255 requires only that the judge give the prisoner's claim careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." Id. (quotations and citations omitted).
 
 
 11
 Here, the district court considered Moore's affidavit and the information with which he supplemented his section 2255 motion. Moreover, this is not a case in which the record could only be developed through Moore's presence. See id. (suggesting that lack of need to question petitioner may form basis for denying full evidentiary hearing). Accordingly, the district court did not abuse it's discretion by failing to secure Moore's presence. See id. In addition, Moore had no constitutional right to appointment of counsel and thus had no right to the effective assistance counsel in his section 2255 motion. See United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 
 12
 Accordingly, the denial of Moore's section 2255 motion is
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3