127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward S. NIELSEN, Defendant-Appellant.
 No. 96-16043.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 27, 1997.
 
 Appeal from the United States District Court for the District of Hawaii Samuel Conti, District Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward S. Nielsen, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to correct his sentence following his conviction by a jury for aiding and abetting the submission of fraudulent tax returns in violation of 26 U.S.C. § 7206(2). We review de novo a district court's denial of a section 2255 motion and review for clear error its factual findings. See United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 Federal Rules of Evidence 404(b) and 403
 
 3
 Nielsen argues that the district court should have excluded testimony by Adam Ferrif pursuant to Federal Rule of Evidence 404(b) as a prior criminal act improperly used to prove Nielsen's character and show that he acted in conformity therewith. This argument lacks merit because the testimony was probative of Nielsen's knowledge and intent regarding his under-reporting his employer's tax liability. See Fed.R.Evid. 404(b).
 
 
 4
 Nielsen's alternative contention that the district court should have excluded Ferrif's testimony pursuant to Federal Rule of Evidence 403 lacks merit because no objection on this basis was made at trial, and Nielsen has not demonstrated plain error. See United States v. Sitton, 968 F.2d 947, 958 (9th Cir.1992).
 
 
 5
 Jencks Act and Brady v. Maryland Disclosures
 
 
 6
 Nielsen contends that the government violated the Jencks Act and Brady by failing to disclose various documents. This contention lacks merit as to the Jencks Act because the information that Nielsen requested does not constitute statements by government witnesses. See 18 U.S.C. § 3500(b) & (e) (1994); United States v. Alvarez, 86 F.3d 901, 905-06 (9th Cir.1996), cert. denied, 117 S.Ct. 748 (1997). Nielsen's Brady contentions fail because he has not demonstrated the materiality of the evidence allegedly withheld by the government. See United States v. Bagley, 473 U.S. 667, 682 (1985).
 
 Perjury by Government Witnesses
 
 7
 Nielsen contends that Ferrif committed perjury when he testified that Nielsen admitted under-reporting the excise tax liability of a former employer, and that the government knew of Ferrif's perjury. This contention lacks merit because Nielsen failed to demonstrate that Ferrif's testimony was in anyway untruthful, much less that Ferrif committed perjury with the government's knowledge. See Stein v. United States, 390 F.2d 625, 626-27 (9th Cir.1968).
 
 Ineffective Assistance of Counsel
 
 8
 Nielsen contends that his trial counsel, Stephen Pingree, was ineffective on several grounds. This contention lacks merit.
 
 
 9
 A successful ineffective assistance of counsel claim requires a defendant to show deficient performance by his attorney and prejudice from that deficiency. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 A. Federal Rule of Evidence 404(b)
 
 10
 Nielsen's contention that Pingree was ineffective for failing to invoke Federal Rule of Evidence 404(b) lacks merit because, as discussed above, the challenged testimony by Ferrif did not violate that rule. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir.1982) (stating than attorney's failure to raise meritless legal argument does not constitute ineffective assistance of counsel).
 
 B. Preindictment Delay
 
 11
 Nielsen's contention that Pingree was ineffective for failing to challenge the government's delay in bringing the indictment lacks merit because Nielsen was indicted promptly after the government concluded its investigation. See United States v. Lovasco, 431 U.S. 783, 795-96 (1977) (stating that preindictment delay caused by the government's investigation does not violate due process). Accordingly, Pingree was not ineffective for failing to challenge the timing of the indictment. See Baumann, 692 F.2d at 572.
 
 C. New Trial Motion
 
 12
 Nielsen's contention that Pingree was ineffective for failing to move for a new trial is without merit because Nielsen failed to identify any bases upon which Pingree could have made a nonfrivolous new trial motion. See Fed.R.Crim.P. 33; Baumann, 692 F.2d at 572.
 
 D. Pretrial Discovery
 
 13
 Nielsen contends that Pingree provided ineffective assistance of counsel because he failed to investigate and obtain witnesses and documents supporting Nielsen's defense that he lacked intent to violate the tax laws. Nielsen also styles this claim as a denial of his right to compulsory process of witnesses. However denominated, this contention lacks merit.
 
 
 14
 Nielsen's allegations regarding the inadequacy of Pingree's pretrial discovery are contradicted by the declarations of Pingree, of the IRS case agent responsible for Nielsen's prosecution, and of a custodian of records for an accounting firm. Based on these declarations, the district court found that Pingree investigated every witness Nielsen was able to identify, and that the witnesses and documents that Nielsen did not obtain either do not exist or would not have aided Nielsen's defense. These findings by the district court are not clearly erroneous. See Span, 75 F.3d at 1386. Accordingly, Nielsen has not demonstrated prejudice from Pingree's alleged failure to investigate and obtain witnesses and documents. See Strickland, 466 U.S. at 694.
 
 E. Tax Memorandum
 
 15
 Nielsen's argument that Pingree was ineffective for failing to place greater reliance on a tax memorandum that was in evidence lacks merit because it was previously addressed in Nielsen's direct appeal of his conviction. See United States v. Nielsen, 1 F.3d 825, 861-62 (9th Cir.1993); see also Stien v. United States, 390 F.2d 625, 626 (9th Cir.1968) (stating that issues decided on direct appeal may not be revisited in section 2255 motion)
 
 F. Miscellaneous Bases
 
 16
 Finally, Nielsen contends that Pingree was ineffective because he made unwarranted predictions in his opening statement, failed to adequately prepare witnesses for trail, and failed provide Nielsen with a complete file when he withdrew from the case. Nielsen also contends that he was prejudiced from the cumulative effect of Pingree's errors at his trial. These contentions lack merit because Nielsen has failed to demonstrate "a reasonable probability that, but for" the alleged errors, "the result of the proceeding would have been different." See Strickland, 466 U.S. at 694.
 
 Conflict of Interest
 
 17
 Nielsen contends that Pingree suffered a conflict of interest due to Nielsen's inability to pay his legal fees. This contention lacks merit. Nielsen has merely reiterated a number of his ineffective assistance allegations and added his unsupported opinion that they were caused by his inability to fully compensate Pingree for his services. These allegations do not demonstrate an actual conflict of interest. See Cuyler v. Sullivan, 446 U.S. 335, 348 (1980); cf. Bonin v. Calderon, 59 F.3d 815, 827 (9th Cir.1995) (rejecting conflict claim and noting that pro bono counsel's responsibility for litigation expenses generally does not create conflict of interest), cert. denied, 116 S.Ct. 718 (1996).
 
 Denial of an Evidentiary Hearing
 
 18
 Finally, Nielsen contends that the district court improperly denied his request for an evidentiary hearing. Because the record before the district court conclusively demonstrated that Nielsen was not entitled to relief, the district court did not abuse its discretion in denying Nielsen's request for an evidentiary hearing. See 28 U.S.C. § 2255 (1994); see Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994).
 
 
 19
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3