46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff - Appellee,
v.
Curtis A. ADDISON, Defendant - Appellant.
 No. 94-10015.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Oct. 3, 1994.
Decided: Jan. 30, 1995.
 
 1
 Before: SCHROEDER and RYMER, Circuit Judges, and DWYER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Curtis A. Addison appeals his conviction for two counts of possessing cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1), being a felon in possession of a firearm, 18 U.S.C. Sec. 922(g)(1), and using a firearm in a drug-trafficking crime, id. Sec. 924(c). Addison argues that the district court erred in refusing to hold an evidentiary hearing on Addison's motion to suppress, in refusing to order disclosure of the informants' identities, and in permitting the jury to know the factual context of the stop that led to Addison's arrest. We affirm.
 
 
 4
 * Addison argues that an evidentiary hearing should have been held because Metaxas's claim that he identified Addison as the driver of the Volvo was not credible, and because the stop was pretextual since the purported basis upon which Metaxas directed Zanotti to stop the Volvo -- to arrest Addison on an outstanding parole warrant -- did not exist.
 
 
 5
 "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." United States v. Wilson, 7 F.3d 828, 834 (9th Cir. 1993), cert. denied, 114 S. Ct. 2151 (1994) (quotation marks omitted). "A hearing is not required if the grounds for suppression consist solely of conclusory allegations of illegality." Id. "Testimony given at trial may be used to sustain the denial of a motion to suppress, even if the testimony was not presented at the motion hearing." Id. at 833.
 
 
 6
 We cannot say the district court abused its discretion. A hearing was not required to resolve credibility on the parole issue, because there was no conflict between Metaxas's statement in his report that Parole Agent Taylor told him that Addison was subject to a parole hold, and Addison's parole officer's (Hasan's) statement to Addison's investigator that he, Hasan, never requested an arrest warrant for Addison. Nor was a hearing necessary to resolve a credibility question concerning Metaxas's ability to identify Addison in the Volvo, given the height of the headrest in the Volvo, the time of night, and the alleged improbability of Addison moving his head to the right (as Metaxas claimed he did) while trying to merge into the left lane of traffic on the freeway on-ramp. Sergeant Zanotti testified that Metaxas had told him earlier in the evening what kind of car he thought Addison was driving; Humboldt County Drug Agent Rybarczyk also testified that Metaxas had described the Volvo and the license number of the car he thought Addison would be driving. Rybarczyk further testified that when he spotted the Volvo going 80 m.p.h., and confirmed that the license plate matched the one Metaxas had given him, he told Metaxas over the radio where the Volvo exited the freeway. Under these circumstances, whether Metaxas had a good line of vision into the car is immaterial. Finally, a hearing was not required to resolve whether the stop was pretextual. Metaxas and Rybarczyk were aware that Addison was both a parole absconder, and had several active local warrants for his arrest. Addison has never contested the existence of the three warrants; the warrants alone gave the officers probable cause to stop the vehicle. Therefore, the stop was not pretextual.
 
 II
 
 7
 Addison next argues that in light of the district court's concern about Metaxas's veracity and the possibility that information about informants might have been helpful to the defense, the court abused its discretion in denying his motion to compel disclosure of the informants' identities or, in the alternative, in refusing to hold an in camera hearing on the motion. "[A] trial court need not require federal agents to disclose the identity of a reliable informant where the sole ground for seeking that information is to establish the existence of probable cause for arrest." United States v. Fixen, 780 F.2d 1434, 1439 (9th Cir. 1986) (no abuse of discretion in refusal to hold in camera hearing where the defendant alleged the officer was lying about either the informant's existence or the information provided to the officer).
 
 
 8
 Addison argues that when there is reason to believe that an agent has lied about an informant's report, the case fits within an exception to the Fixen rule fashioned by United States v. Johns, 948 F.2d 599 (9th Cir. 1991), cert. denied, 112 S. Ct. 3046 (1992). We recognized in Johns that an in camera hearing is "encouraged." Id. at 606; see also Fixen, 780 F.2d at 1439-40 (explaining benefits of in camera procedure, but noting that "a district court need not conduct an in camera hearing whenever the identity of the informant is requested"). However, an in camera hearing is not required absent a substantial preliminary showing that the agent misstated important facts. United States v. Kiser, 716 F.2d 1268, 1273 (9th Cir. 1983). Here, the voir dire of Metaxas showed at most that he may have misstated how much the informants were compensated, not whether they existed at all or what tips they gave him.
 
 
 9
 Addison argues that the informants who told Metaxas that there may be cocaine in the Volvo may have been the only percipient witnesses who could have testified about who put the cocaine in the car. "The burden of proof is on the defendant[] to show need for the disclosure." United States v. Sai Keung Wong, 886 F.2d 252, 256 (9th Cir. 1989). "The mere suspicion that information will prove helpful is insufficient to require disclosure." United States v. Johnson, 886 F.2d 1120, 1122 (9th Cir. 1989, cert. denied, 494 U.S. 1089 (1990). "It is within the trial court's discretion to hold an in camera proceeding." Id.
 
 
 10
 Addison offers nothing more than speculation about the informants' ability to help his defense. The voir dire of Metaxas does not indicate that the informants had any firsthand knowledge of who put the drugs and gun in the car. Nor did Addison suggest any scenario which could have been proved or disproved by disclosure of the informants' identity. His showing thus falls short of the "minimal threshold showing that disclosure would be relevant to at least one defense." United States v. Spires, 3 F.3d 1234, 1238 (9th Cir. 1993) (defendant identified roommate as having the means and motive to set him up). United States v. Montgomery, 998 F.2d 1468 (9th Cir. 1993), upon which Addison relies, has to do with the government's duty to produce a confidential informant ordered to appear at trial, and thus does not support reversal in this case. We therefore conclude that the district court did not abuse its discretion, either in refusing to order disclosure or in declining to conduct an in camera hearing.
 
 III
 
 11
 Addison argues that the district court erred in permitting the government to question Metaxas about the facts justifying the stop at trial, as it had the effect of placing prejudicial hearsay evidence of prior bad acts before the jury. Even if there were error, however, it was harmless. Why Addison's car was stopped was in the nature of background information, and the district court promptly gave an instruction that limited consideration of the evidence solely to explaining the way that Addison had come to Metaxas's attention. As the district court found in denying Addison's motions for acquittal and for a new trial, disregarding Metaxas's testimony altogether, there was "overwhelming evidence that would support the verdict."
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable William L. Dwyer, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3