**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard Lee SCRIVNER, aka Richard
Lee Scrivner, Defendant–
Appellant.**

No. 97–35584.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 1998

Memorandum Filed May 17, 1999

Order and Opinion Filed Sept. 1, 1999

John W. Maroney, Tucson, Arizona, for the defendant-appellant.

Stephen F. Peifer, Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellee.

Before: David R. Thompson, Edward Leavy, and STEPHEN S. TROTT, Circuit Judges.

## ORDER

The Memorandum Disposition filed May 17, 1999, is hereby redesignated as an authored Opinion by Judge Trott.

With modifications, the motion to allow late filing of the petition for rehearing and rehearing en banc is GRANTED. The petition for rehearing, and the petition for rehearing en banc are hereby DENIED.

## OPINION

TROTT, Circuit Judge:

### OVERVIEW

Richard Lee Scrivner ("Scrivner") was convicted of one count of being a convicted felon in possession of a machine gun in violation of 18 U.S.C. § 922(g), and one count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). After unsuccessfully challenging his conviction on direct appeal, Scrivner filed a petition under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. In his petition, Scrivner claims that his Fifth Amendment right against self-incrimination was violated by the admission at trial of his affidavit from a prior civil forfeiture proceeding. The district court denied his petition, and Scrivner appealed. We previously issued an opinion granting Scrivner's petition. *See United States v. Scrivner,* 167 F.3d 525 (9th Cir.1999). After the government filed a petition for rehearing, we withdrew that opinion and requested reply briefing from Scrivner. *See United States v. Scrivner,* 167 F.3d 536 (9th Cir. 1999). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we now hold that the resolution of Scrivner's Fifth Amendment claim on direct appeal is binding and therefore affirm the denial of Scrivner's petition.

## BACKGROUND

On May 5, 1993, Scrivner was arrested for possession of methamphetamines. While in jail, a search warrant was executed at his home. During the search, the police seized stereo equipment, a purse, jewelry, camera equipment, a television, a VCR, and miscellaneous notes and financial records. The police also found and seized an unregistered silencer and an unregistered semiautomatic firearm with fully automatic capabilities (the "machine gun").

While Scrivner was in jail awaiting trial, Oregon initiated civil forfeiture proceedings for all of the items seized, including the machine gun and silencer. A police officer went to the jail where Scrivner was housed and gave him the Property/Evidence Receipts. The officer told Scrivner

that he had twenty days to assert ownership in the seized property or it would be declared forfeited. In order to prevent forfeiture, Scrivner filed an affidavit asserting his Fifth Amendment right against self-incrimination and claiming "possessory and/or legal interest in some or all of the items" seized.

Almost three months later, Scrivner was indicted and tried in federal court for one count of being a convicted felon in possession of a machine gun and one count of possession of an unregistered firearm. At trial, Scrivner's defense was that he was not living at that house when the search warrant was executed and did not own the machine gun and silencer. Over Scrivner's objection, the trial court admitted Scrivner's affidavit from the civil forfeiture claiming ownership in some or all of the seized items.

After the jury found Scrivner guilty, he appealed to this court claiming that admission of the affidavit into evidence violated his Fifth Amendment right against self-incrimination. In an unpublished decision, we rejected Scrivner's claim, holding that "Scrivner could have invoked his Fifth Amendment privilege with respect to the gun and silencer in the civil proceeding" and failure to do so waived that right. *United States v. Scrivner*, No. 94–30265, 1995 WL 398932, at *4 (9th Cir. July 6, 1995) ("*Scrivner I*"). At the same time *Scrivner I* was being heard, another panel of this court in an unrelated case stated:

> we reject the argument that by requiring a defendant to claim his property we force him to sacrifice his right against self-incrimination in order to preserve his right against double jeopardy. At some point, a defendant who seeks to prove that a prior forfeiture "punished" him would have to claim that he owned the forfeited property. The effect of our rule is only to require that such a claim be asserted in the civil forfeiture proceeding itself and not simply in the motion to dismiss the criminal indictment. Moreover, a defendant does not risk incriminating himself by claiming that he owns property that is subject to forfeiture. A defendant's claim of ownership at a pre-trial suppression hearing of property that he contends was unlawfully seized may not be used to prove the defendant's guilt. For the same reason, a defendant's claim of ownership of property that was subject to forfeiture may not be used for that purpose.

*United States v. Cretacci*, 62 F.3d 307, 311 (9th Cir.1995) (citation omitted) (emphasis added). Scrivner sent a letter to the panel hearing his direct appeal informing them of *Cretacci*. The *Scrivner I* panel treated Scrivner's letter as a motion for reconsideration and summarily denied it.

Based upon the above quoted language in *Cretacci*, Scrivner filed a petition for relief under 28 U.S.C. § 2255 with the district court ("Scrivner II"). That petition was denied, and this appeal followed.

## DISCUSSION

The United States argues that Scrivner's petition should be dismissed under the "law of the case" doctrine. The "law of the case" doctrine provides that "'one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case.'" *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir.1991) (quoting *Kimball v. Callahan*, 590 F.2d 768, 771 (9th Cir.1979)); *see also United States v. Alexander*, 106 F.3d 874, 876 (9th Cir.1997). A court may depart from the law of the case if:

> (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.

*Alexander*, 106 F.3d at 876. In the absence of one of these circumstances, failure to apply the law of the case is an abuse of discretion. *Id.* (citation omitted); *see also Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th

Cir.1997) (en banc) (holding that the discretion to not follow the "law of the case" doctrine is limited).

Scrivner argues that the *Scrivner I* decision should not be binding, because *Cretacci* constituted an intervening change in the law. However, *Cretacci* was decided before Scrivner's direct appeal became final. Indeed, Scrivner submitted a letter to the *Scrivner I* panel citing *Cretacci*. The panel treated the letter as a motion for reconsideration and denied it. Because *Cretacci* was before the *Scrivner I* panel, it is not an intervening change in the law.

Moreover, the holding in *Cretacci* on the admissibility of incriminating statements is dicta. The issue in *Cretacci* was "whether the administrative forfeiture of unclaimed property constitutes 'punishment.'" 62 F.3d at 309. The facts did not present a situation where a statement made in a forfeiture proceeding was being used against a defendant in a criminal proceeding. The discussion about the admissibility of the claim of ownership was in response to a hypothetical argument and was therefore dicta. Consequently, the statements made in *Cretacci* are not an intervening change in the law.

 In this case, Scrivner's Fifth Amendment claim was presented to this court on direct appeal in *Scrivner I* and rejected on the merits. *See* 656 So.2d 457, 1995 WL 298932 at *5. That decision is binding on our resolution of the case. *See Odom v. United States*, 455 F.2d 159, 160 (9th Cir.1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.").[1]

AFFIRMED.

---

1. The government argues that the "relitigation bar" prevents reconsideration of Scrivner's claim. Although correct, *see United States v. Redd*, 759 F.2d 699, 701 (9th Cir.1985); *United States v. Currie*, 589 F.2d 993, 995 (9th Cir.1979), that belated argument was not raised until the petition for rehearing and is therefore not properly before this court.