**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Scott William CLEWIS, Defendant—Appellant.**

No. 01–35348.

D.C. No. CV–00–05472–JET.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.*

Decided April 16, 2002.

did not err in finding that those claims were unexhausted.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM**

Scott William Clewis, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging the 135 month sentence imposed following his guilty plea convictions for conspiracy to distribute methamphetamine and money laundering. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the denial of a section 2255 motion, *Sanchez v. United States*, 50 F.3d 1448, 1451 (9th Cir.1995), and we affirm.

Clewis contends that he was erroneously sentenced as a career offender under U.S.S.G. § 4B1.1. As the district court correctly concluded, however, this claim was previously denied on direct appeal to this court. Because no circumstances exist in Clewis' case requiring us to reconsider our earlier decision, the district court properly denied relief on this claim. *See United States v. Scrivner*, 189 F.3d 825, 828 (9th Cir.1999) (concluding that, absent certain circumstances, resolution of a defendant's claim on direct appeal precludes collateral review of same issue in a 28 U.S.C. § 2255 motion).

Clewis also contends that counsel was ineffective for failing to object to the career offender enhancement. This contention lacks merit. In order to establish ineffective assistance of counsel, a petitioner must demonstrate a reasonable probability that but for counsel's deficient representation, the result of the proceedings

would have been different. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, because Clewis was sentenced to a term of imprisonment below the applicable guideline range and below the government's recommendation, he failed to demonstrate that he was prejudiced by counsel's error.

Lastly, Clewis' contention that *Apprendi v. New Jersey,* 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is retroactively applicable on collateral review is foreclosed by our recent decision in *United States v. Sanchez–Cervantes,* 282 F.3d 664, 667–68 (9th Cir.2002) (concluding that *Apprendi* does not apply retroactively to cases on collateral review).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.