### UNITED STATES of America, Plaintiff—Appellee,

v.

### Robert AQUINO, Defendant— Appellant.

No. 01–10418.

D.C. No. CR–98–00703–SOM.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 2002.*

Decided June 5, 2002.

Before SNEED, SKOPIL, and FARRIS, Circuit Judges.

## MEMORANDUM **

Robert Aquino appeals his sentence, arguing that the district court erred by basing the sentence on a quantity of drugs greater than specified in the indictment or plea. We reject his argument and we affirm.

## DISCUSSION

Aquino contends that the district court erred by calculating his sentence using quantities of methamphetamine not charged in the indictment or admitted to at his plea hearing. He relies on *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

*Apprendi* does not apply to Aquino's circumstances. Aquino pleaded guilty to drug offenses that trigger a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii). Moreover, distribution of any amount of methamphetamine carries a maximum sentence of twenty years. 21 U.S.C. § 841(b)(1)(C). The district court's decision to include the additional amount of methamphetamine did not expose Aquino to a sentence that exceeds either of these maximum sentences. Accordingly, there is no *Apprendi* violation. *See United States v. Mendoza–Paz,* 286 F.3d 1104, 1110–11 (9th Cir.2002); *United*

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*States v. Okafor,* 285 F.3d 842, 847 (9th Cir.2002). To the extent that Aquino argues that § 841 is facially unconstitutional, we rejected that argument in *United States v. Buckland,* 289 F.3d 558 (9th Cir. 2002) (en banc), *cert. denied,* 2002 WL 764233 (U.S. May 28, 2002).

Aquino also challenges the district court's finding that he is responsible for the additional methamphetamine. We already ruled, however, in Aquino's prior appeal that these additional drugs "were properly taken into account by the district court when sentencing [Aquino]." *See United States v. Aquino,* 242 F.3d 859, 866 (9th Cir.), *cert. denied,* 533 U.S. 963, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001). Aquino has not offered any persuasive reason to compel us to depart from our prior decision. *See United States v. Scrivner,* 189 F.3d 825, 827 (9th Cir.1999) (noting exceptions that would permit court to reconsider prior ruling in the same case).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.