**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Curtis A. ADDISON, Defendant— Appellant.**

No. 01–10536.
D.C. No. CR–93–00098–VRW.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2002.*

Decided June 19, 2002.

Before HAWKINS and FISHER, Circuit Judges, and MOSKOWITZ,** District Judge.

MEMORANDUM***

Appellant Curtis Addison ("Addison") contests his conviction and sentence for

---

** Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

possession of cocaine with intent to distribute (21 U.S.C. § 841(a)(1)), possession of cocaine base with intent to distribute (21 U.S.C. § 841(a)(1)), and felon in possession of a firearm (18 U.S.C. § 922(g)(1)), arguing ineffective assistance of counsel. Even if Addison could demonstrate ineffective assistance, he is foreclosed from relief as we previously decided that he would have been convicted even if agent Metaxas's testimony had been excluded. *See United States v. Addison,* 46 F.3d 1145, 1995 WL 37324, at *3 (9th Cir.1995). Because no circumstances exist that would require us to reconsider our earlier decision, the district court properly denied relief on this claim. *See United States v. Scrivner,* 189 F.3d 825, 828 (9th Cir.1999) (absent certain circumstances, resolution of a defendant's claim on direct appeal precludes collateral review of same issue in a 28 U.S.C. § 2255 motion).

Further, even if we were free to review the ineffective assistance claim, there is no proof that his trial counsel's performance fell below a standard of objective reasonableness, as required by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial counsel's strategic decisions are owed deference, and on the record before us we cannot conclude that counsel's handling of Agent Metaxas's testimony falls outside the wide range of reasonable professional assistance. *Id.* at 689. Counsel inquired into Metaxas's use of informants on voir dire, subjected Metaxas to cross-examination informed by the voir dire, and directly argued the issue of Metaxas's credibility before the jury. Trial counsel moved for a Fed. R.Crim. Proc. Rule 29 judgment of acquittal at the close of the government's evidence. Trial counsel also filed a post-trial motion for new trial based at least in part on the questionable nature of Agent Metaxas's testimony. The failure to move for the suppression of Agent Metaxas's testimony for lack of candor, evaluated as of the time the motion could have been raised, and in light of the facts of the case, does not rise to the level of ineffective assistance.

Finally, even if we were free to revisit the issue of prejudice, Addison does not demonstrate with reasonable probability that the jury's decision would have been different if Agent Metaxas's testimony had been excluded. *Id.* at 694. In denying a motion for new trial, the district court concluded that even absent Metaxas's testimony "overwhelming evidence would support the verdict." Whether the court had in mind evidence that appellant's latent fingerprint was found on one of the bags of contraband, or something more, nothing in the record before us calls into question the district court's conclusion.

AFFIRMED.