**UNITED STATES of America, Plaintiff—Appellee— Cross Appellant,**

v.

**George POWERS, Defendant— Appellant—Cross Appellee.**

**Nos. 03–50201, 03–50233.**

United States Court of Appeals, Ninth Circuit.

Submitted * May 20, 2004.

Decided June 2, 2004.

---

* The Panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App.P. 34(a).

Consuelo S. Woodhead, Esq., Ronald L. Cheng, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Roger S. Hanson, Esq., Santa Ana, CA, for Defendant–Appellant.

** Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Before HAWKINS and FISHER, Circuit Judges, and WEINER, District Judge.**

### MEMORANDUM ***

■ The law of the case doctrine bars reconsideration of all of the issues—save those concerned with Powers' sentence—which he seeks to raise in this appeal. Those issues, concerning the validity of his convictions, were raised and decided in Powers' first appeal. *See United States v. Scrivener,* 189 F.3d 825, 827 (9th Cir.1999).

■ Powers' argument, that the district court's loss finding was clearly erroneous because it conflicted with the loss finding undergirding his vacated sentence, lacks merit. At the first sentencing hearing, the court made no finding of loss under the clear and convincing evidence standard, finding that the government had proven the $1.6 million intended loss by only a preponderance of the evidence. At the resentencing hearing, the court again found the $1.6 million was shown only by a preponderance, but also found that a loss of $1.1 million was shown by clear and convincing evidence. There is no inconsistency in the loss finding so as to render it clearly erroneous.

■ We agree with the government's cross-appeal that the district court erred in considering the evidence of Powers' ability to pay restitution in the amount of $300,000 under a clear and convincing, rather than a preponderance, standard. Under the Victim and Witness Protection Act, 18 U.S.C. § 3664(e), "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." In addition,

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

while § 3664(e) places the burden of demonstrating the amount of the loss sustained by a victim on the government, the "burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant." *Id.* Thus, on remand, the district court should reconsider the restitution amount under the preponderance standard and in light of the Pre-Sentence Report's conclusion that Powers had the resources to pay considerably more than $150,000. Accordingly, we vacate the restitution order and remand for reconsideration of the restitution amount.

AFFIRMED IN PART, REVERSED IN PART and REMANDED.