**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Cenobio Humberto HERRERA, Sr., aka
Bert Herrera, aka Cenobio Humberto
Lanz, Defendant—Appellant.**

No. 04–50000.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 2007.

Filed Jan. 23, 2007.

Tracy L. Wilkison, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Edmundo B. Espinoza, Esq., Del Mar, CA, for Defendant–Appellant.

Before: KLEINFELD, FISHER and SMITH, Circuit Judges.

MEMORANDUM *

Cenobio Humberto Herrera appeals his conviction after a jury trial for various crimes related to his operation of a business selling large quantities of pseudoephedrine. He attacks the sufficiency of the evidence introduced at trial; the jury instructions; the district court's decision to permit Herrera's co-defendant sister to testify in a manner that allegedly incriminated him; the district court's failure to sever his trial from his sister's and the district court's limitation on cross-examina-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion. He also requests a limited remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). We reject all of Herrera's claims on the merits and therefore affirm. We do, however, grant Herrera's request for an *Ameline* remand.[1]

■ We review Herrera's challenge to the sufficiency of the evidence for plain error. *See United States v. Alvarez–Valenzuela,* 231 F.3d 1198, 1200–01 (9th Cir. 2000). There was overwhelming evidence—including the testimony of three co-conspirators and extensive circumstantial evidence—that Herrera conspired with others to achieve the methamphetamine related object of the conspiracy; that he specifically intended to facilitate the manufacture of methamphetamine and that he actually knew that the huge volume of pseudoephedrine he and his co-conspirators sold was going to be used to manufacture methamphetamine. *See United States v. Lo,* 447 F.3d 1212, 1226–28 (9th Cir.2006). Even assuming Herrera sold to middlemen rather than the individuals who ultimately manufactured the methamphetamine, that fact alone does not lessen his culpability. Finally, there was sufficient evidence adduced at trial from which the jury could have concluded that the pseudoephedrine Herrera sold actually was used in the manufacture of quantities of methamphetamine in excess of 500 grams. There was no error related to the sufficiency of the evidence.

■ As Herrera concedes, we also review his claim of instructional error for plain error. *See United States v. Matsumaru,* 244 F.3d 1092, 1102 (9th Cir.2001). We find no plain error with respect to the instructions on Count 1's charge of con-

spiracy to aid and abet because the instructions in the aggregate sufficiently described the required level of intent. *See Lo,* 447 F.3d at 1232. Even assuming there was an error, it was not plain and did not affect Herrera's substantial rights. *See id.* at 1228. We also reject Herrera's contention that the district court erred in failing to instruct the jury that Counts 1–3 required him to know that his acts were unlawful. The relevant statutes on their face require only that the defendant have knowledge, not that he have knowledge of the law. *See United States v. Delgado,* 357 F.3d 1061, 1067–68 (9th Cir.2004).

■ The district court did not err under *Bruton v. United States,* 391 U.S. 123, 135–37, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), by allowing DEA Special Agent Jeffrey Sandberg to testify regarding statements made by Herrera's sister, including that she "was aware that her income was coming from illegal proceeds at JDI Marketing." Nor did it commit such error by permitting reference to such statements in closing argument. The statements by Herrera's sister were, if at all incriminating, merely inferentially incriminating and thus effectively neutralized by the district court's limiting instruction. *See Richardson v. Marsh,* 481 U.S. 200, 208, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). Furthermore, the statements were merely cumulative of the abundant evidence adduced at trial that Herrera was well aware that he was operating an illegal enterprise. Thus even assuming reference to the statements at closing argument by counsel for Herrera's sister could be the subject of *Bruton* error, such error would be harmless beyond a reasonable doubt.

---

1. On January 20, 2006, Herrera filed a pro se letter purportedly providing supplemental authorities pursuant to Federal Rule of Appellate Procedure 28(j). Since Herrera is represented by counsel, we decline to consider the letter. *See United States v. Crowhurst,* 629 F.2d 1297, 1301 (9th Cir.1980).

*See United States v. Murillo,* 288 F.3d 1126, 1140 (9th Cir.2002). For these same reasons, the district court did not abuse its discretion by denying Herrera's motion to sever.

Herrera's argument that the district court erred by limiting cross-examination also fails. To the extent that the district court precluded cross-examination on subjects that related to truthfulness, such testimony would have merely been cumulative of other evidence undermining the witnesses' veracity. Absent prejudice, there are no grounds for reversal. *See United States v. Bensimon,* 172 F.3d 1121, 1128 (9th Cir.1999); *United States v. Jackson,* 882 F.2d 1444, 1447 (9th Cir.1989).

Accordingly, we affirm the conviction. However, because the district court sentenced Herrera under the mandatory sentencing guidelines regime that prevailed prior to the Supreme Court's ruling in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and since we cannot reliably determine whether the sentence imposed would have been materially different had the district court known that the guidelines were advisory, we order a limited remand under *Ameline,* 409 F.3d at 1084–85.

**AFFIRMED IN PART, REMANDED IN PART.**