**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Ronald Adair PARRISH, Defendant–Appellant.**

**United States of America,**
Plaintiff–Appellee,

v.

**Richard Lee Carlisle, Defendant–Appellant.**

Nos. 06–50060, 06–50063.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2007.*

Filed May 1, 2007.

Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Thomas S. McConville, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Roger S. Hanson, Esq., Law Offices of Roger S. Hanson, Ricardo A. Nicol, Esq., Law Office of Ricardo A. Nicol, Santa Ana, CA, for Defendants–Appellants.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY and THOMAS, Circuit Judges, and CONLON,** District Judge.

## MEMORANDUM ***

In a previous appeal, this court affirmed the convictions of Ronald Adair Parrish and Richard Lee Carlisle Jr., and remanded pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). *United States v. Parrish*, 134 Fed.Appx. 183 (9th Cir.2005). In this appeal, Parrish and Carlisle raise the same issues presented in their first appeal. With the exception of their sentences, which are reviewed for reasonableness under *Ameline*, 409 F.3d at 1079, this court declines to reconsider issues decided in the prior appeal. *United States v. Scrivner*, 189 F.3d 825, 827 (9th Cir.1999) (under the law of the case doctrine, one appellate panel generally will not reconsider questions decided by another panel on a prior appeal in the same case). This court also declines to consider their ineffective assistance of counsel claim because it is not supported by any argument. Fed. R.App. P. 28(a)(9); *United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir.2006).

On limited remand, the district judge considered the sentencing guidelines and the 18 U.S.C. § 3553(a) factors; she concluded the previously imposed sentences would not have differed materially had the guidelines been advisory at the time of the original sentencing. *Ameline*, 409 F.3d at 1079. The record clearly shows the district judge properly took into account the non-mandatory nature of the guidelines and understood the full scope of her discretion. *United States v. Combs*, 470 F.3d 1294, 1297 (9th Cir.2006). We reject the contention that the Sixth Amendment barred the district court from determining facts supporting a sentencing enhancement. *United States v. Booker*, 543 U.S. 220, 259, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Ameline*, 409 F.3d at 1077–78. We conclude the sentences are reasonable. *See Combs*, 470 F.3d at 1297 (a sentence is reasonable if "the district judge properly understood the full scope of his discretion in a post-*Booker* world").

**AFFIRMED.**

---

** The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.