**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Catalino Baranda GALLARDO,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Armando Labrada–Bustamante,**
**Defendant–Appellant.**

**Nos. 06–30322, 06–30404.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Katherine Jill Bolton, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Scott Etherton, Esq., Pasco, WA, Nicolas Marchi, Esq., Carney & Marchi, P.S., Kennewick, WA, for Defendants–Appellants.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Catalino Baranda Gallardo and Armando Labrada–Bustamante appeal from the sentences imposed upon re-sentencing, following their jury-trial convictions for conspiracy to distribute a controlled substance, methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Baranda Gallardo contends that the district court erred by imposing the 240–month mandatory minimum sentence because it relied upon a prior conviction that was not found by the jury and because Baranda Gallardo did not have proper notice of the sentence he was facing.

Baranda Gallardo's challenge to the use of the prior conviction to enhance his sentence is foreclosed by *United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006). We decline to consider the notice contention under the law of the case doctrine. *See United States v. Scrivner*, 189 F.3d 825, 827 (9th Cir.1999).

Labrada–Bustamante contends that the district court erred by refusing to grant him a sentence reduction pursuant to the safety valve, 18 U.S.C. § 3553(f). We review for clear error the district court's determination that the defendant has not met his burden of establishing safety valve eligibility. *See United States v. Shrestha,* 86 F.3d 935, 938 (9th Cir.1996). We con-

clude that the district court did not clearly err when it determined that Labrada–Bustamante had not provided all relevant truthful information to the government prior to sentencing. *See United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir.1996).

Labrada–Bustamante's contention that the safety valve provision is no longer applicable in light of the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is foreclosed by *United States v. Cardenas–Juarez*, 469 F.3d 1331, 1335 (9th Cir.2006). His contention that mandatory minimum sentences are no longer applicable is also foreclosed. *See United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005) ("*Booker* does not bear on mandatory minimums.").

Finally, we reject the contention that the sentence imposed upon Labrada–Bustamante was unreasonable. *See United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.