**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Luis C. DOMINGO, Defendant—**
**Appellant.**

**No. 06–10383.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 21, 2007.

Thomas J. Brady, Esq., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Deanna S. Dotson, Esq., Kapolei, HI, for Defendant–Appellant.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Luis C. Domingo appeals from the district court's order reaffirming his sentence following limited remand under *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Domingo contends that the district court's use of acquitted conduct for sentencing purposes violates the Fifth and Sixth Amendments of the United States Constitution. These contentions are foreclosed. *See United States v. Mercado,* 474 F.3d 654, 657 (9th Cir.2007).

Domingo also contends that his sentence is unreasonable because the district court judge failed to consider the factors contained in 18 U.S.C. § 3553(a). This contention is foreclosed as the record reflects that "the district [court] properly understood the full scope of [its] discretion" following *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006).

Finally, Domingo's contention that the district court erred in denying him a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) is precluded under the law of the case doctrine. *See United States v. Scrivner,* 189 F.3d 825, 827 (9th Cir.1999).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.