**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50275 |
| Plaintiff - Appellee, | D.C. No. 2:02-cr-00531-RSWL-1 |
| v. | |
| CENOBIO HUMBERTO HERRERA, Sr., AKA Bert Herrera, AKA Cenobio Humberto Herrera, AKA Cenobio Humberto Lanz, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted January 10, 2011
Pasadena, California

Before: O'SCANNLAIN, W. FLETCHER, and CLIFTON, Circuit Judges.

A jury convicted Cenobio Herrera of a number of crimes arising from an extensive conspiracy to purchase pseudoephedrine at wholesale, to sell it for use in manufacturing methamphetamine, and to launder the immense profits. The district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court sentenced him to 360 months in prison, consistent with the Federal Sentencing Guidelines. Herrera appealed his convictions on a number of grounds, each of which we rejected. We stated that:

> [W]e affirm the conviction [sic]. However, because the district court sentenced Herrera under the mandatory sentencing guidelines regime that prevailed prior to the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), and since we cannot reliably determine whether the sentence imposed would have been materially different had the district court known that the guidelines were advisory, we order a limited remand under [*United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir. 2005)].

*United States v. Herrera*, 219 Fed. Appx. 686, 689 (9th Cir. 2007) ("*Herrera I*").

On remand, the district court determined that it would have given Herrera the same sentence even if it had known the Guidelines were advisory. In this timely appeal from that sentencing determination, Herrera seeks to reopen his challenge to the convictions which were affirmed in *Herrera I*. This he cannot do.

## I

We have held that "challenges to a defendant's conviction may be reviewed on appeal from an *Ameline* remand, where . . . the challenge was raised in an earlier appeal." *United States v. Van Alstyne*, 584 F.3d 803, 812 (9th Cir. 2009). Two of the challenges that Herrera now raises to his convictions were not raised on his initial appeal. Accordingly, he cannot raise them now.

2

In his first appeal, Herrera did challenge the sufficiency of the evidence to convict him of conspiring to aid and to abet the manufacture of over 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). But we rejected this claim, calling the evidence supporting Herrera's section 841(a)(1) conspiracy conviction "overwhelming." *Herrera*, 219 Fed. Appx. at 688. The law of the case doctrine provides that "one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." *United States v. Scrivner*, 189 F.3d 825, 827 (9th Cir. 1999) (internal quotation marks and citations omitted). However, a court may depart from the law of the case doctrine if there has been "an intervening change in the law." *Id.*

Herrera argues that there have been two relevant intervening changes in the law since his initial appeal was decided. First, he apparently believes that *United States v. Santos*, 553 U.S. 507 (2008), stands for a general "anti-merger" principle that goes something like this: where a defendant cannot violate a specific statute without also violating a more general statute (and where the more general statute provides for stricter punishment), the government is barred from prosecuting him under the more general statute. Applied here, Herrera claims that anyone who conspires to posses pseudoephedrine "knowing, or having reasonable cause to believe that it will be used to manufacture" methamphetamine, in violation of 21

3

U.S.C. § 841(c), will necessarily be guilty of conspiring to aid and abet the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Because section 841(c) is more specific and more lenient than section 841(a)(1), Herrera contends that one guilty of the former should not be chargeable with the latter.

But *Santos* does not stand for such a broad, free-floating "anti-merger" rule. For starters, *Santos* involved money laundering and illegal gambling; it had nothing to do with the drug statutes at the heart of Herrera's claim. The four justices in the *Santos* plurality only mentioned the "merger problem" *in response* to the government's argument from congressional intent. *See id.* at 515 (plurality opinion). Instead, the crux of the plurality's argument was that the term "proceeds," as used in the money laundering statute, is ambiguous and should therefore be construed in Santos's favor. *See id.* at 514. Likewise, Justice Stevens' concurrence considered the merger problem only because the statute was ambiguous. *See id.* at 526–27 (Stevens, J., concurring).

## II

Second, Herrera claims that the standard of review applicable to his sufficiency of evidence claim has changed since his initial appeal. At the end of the government's case, Herrera moved for acquittal under Federal Rule of Criminal Procedure 29. However, he did not renew this motion at close of all the evidence.

4

On Herrera's first appeal, we reviewed his sufficiency claim for plain error, as required by *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1200–01 (9th Cir. 2000). We have since recognized a futility exception to the *Alvarez-Valenzuela* rule. *See United States v. Esquivel-Ortega*, 484 F.3d 1221, 1224–25 (9th Cir. 2007). In *Esquivel-Ortega*, the defendant made a Rule 29 motion "only a few moments" before the close of evidence, but failed to renew the motion after two, largely cumulative, pieces of evidence were admitted. On appeal, we applied de novo review to his sufficiency claim because we found that "it would have been futile for Esquivel to renew his motion following the offering of those two pieces of evidence." *Id.* at 1225. Herrera has not established that the *Esquivel-Ortega* exception applies here. At any rate, it is clear that any change in the standard of review would not have changed the result of Herrera's prior appeal. *See Herrera*, 219 Fed. Appx. at 688 (concluding that the evidence supporting Herrera's section 841(a)(1) conspiracy conviction was "overwhelming").

As there has been no intervening change in the law that is relevant to Herrera's challenge to his section 841(a)(1) conspiracy conviction, it is precluded by the law of the case.

5

## III

Because Herrera does not challenge his sentence in this appeal, and cannot re-challenge his convictions, the decision of the district court is

AFFIRMED.