**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-17002 |
| Plaintiff - Appellee, | D.C. Nos.    3:11-cv-00056-ECR |
| v. | 3:04-cr-00010-ECR |
| JERMAINE ALONZO MITCHELL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted May 15, 2012**

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Federal prisoner Jermaine Alonzo Mitchell appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2255 motion for habeas relief.  We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

Mitchell contends that his counsel rendered ineffective assistance by failing

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to strike a prospective juror for cause. This contention fails because Mitchell has demonstrated neither deficient performance nor prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Mitchell also contends that his counsel rendered ineffective assistance by failing to object that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This claim fails for lack of prejudice under *Strickland*, because the Supreme Court has held that "cocaine base" under 21 U.S.C. § 841 encompasses cocaine in its chemically basic form, not just "crack cocaine." *See DePierre v. United States*, 131 S. Ct. 2225, 2237 (2011).

Mitchell further contends that the trial judge committed structural error by failing to excuse a prospective juror for actual bias. Even if this argument were not forfeited by Mitchell's failure to raise it in his 28 U.S.C. § 2255 motion, our conclusion in *United States v. Mitchell*, 568 F.3d 1147, 1152-54 (9th Cir. 2009), precludes reconsideration of the issue under the law of the case doctrine. *See United States v. Scrivner*, 189 F.3d 825, 827 (9th Cir. 1999).

Mitchell finally contends that the trial court erred by sentencing him for possession of "crack cocaine" without finding beyond a reasonable doubt that the cocaine base was actually "crack cocaine." Even if this claim were not forfeited by Mitchell's failure to raise it in his section 2255 motion, the claim fails in light of *DePierre*, 131 S. Ct. at 2237.

**AFFIRMED.**